IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| CH LIQUIDATION ASSOCIATION, | Case No.: 16-51552 – AMK |
| Debtor. | Judge Alan M. Koschik |
| JOSEPH ORITI, Liquidation Trustee, | |
| Plaintiff, | |
| v. | Adv. Pro. No. _____ |
| BLUE & CO., LLC,<br>c/o Bradley A. Shaw<br>  Managing Director and Registered Agent<br>8800 Lyra Dr., Ste. 325<br>Columbus, OH 43240 | |
| Defendant. | |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS
PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND TO DISALLOW
<u>CLAIMS PURSUANT TO 11 U.S.C. § 502</u>**

Plaintiff, Joseph Oriti, in his capacity as Liquidation Trustee and Estate Representative (the "<u>Plaintiff</u>" or "<u>Trustee</u>") for the estate of Coshocton County Memorial Hospital Association n/k/a CH Liquidation Association ("<u>CCMH</u>" or <u>Debtor</u>") and its liquidation trust, by way of complaint against Blue & Co., LLC (the "<u>Defendant</u>"), alleges as follows:

**<u>NATURE OF THE ACTION</u>**

1. Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property of the Debtor that occurred during the Preference Period (defined below) pursuant to sections 547 and

10266216.2

550 of chapter 5 of title 11 of the United States Code (the "Bankruptcy Code"), 11 U.S.C. §§ 547 and 550.

2. In addition, Plaintiff seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, 11 U.S.C. §§ 502(d) and (j), any claim that Defendant has filed or asserted against the Debtor or that has been scheduled for Defendant until such time as Defendant pays to Plaintiff the amount equal to the Preferential Transfers. Plaintiff reserves all of its rights and the rights of the Debtor and the Trustee to object to any such claim for any reason.

## JURISDICTION

3. This is an adversary proceeding brought pursuant to Federal Rule of Bankruptcy Procedure 7001 seeking the entry of money judgments against the Defendant.

4. This adversary proceeding arises in and relates to the above-captioned Chapter 11 case now pending in this District (the "Chapter 11 Case").

5. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.

6. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and (O). To the extent that this matter is not a core proceeding, this Court has jurisdiction over this matter because it is related to the Chapter 11 Case.

7. Venue of this adversary proceeding in this District is proper pursuant to 28 U.S.C. § 1409.

8. The statutory predicates for the relief sought herein are sections 502, 547 and 550 of the Bankruptcy Code.

9. Plaintiff consents to the entry of final orders or judgments by this Court.

## PARTIES

10. The Debtor operated a general acute care not-for-profit hospital in Coshocton, Ohio. The hospital was designated as a Sole Community Hospital and was licensed for 56 beds. In addition to the main hospital facility, the Debtor had a number of primary care and specialty physician clinics.

11. Plaintiff Joseph Oriti is the Debtor Representative and Liquidation Trustee under the *First Amended Joint Chapter 11 Plan of Liquidation for Coshocton County Memorial Hospital Association n/k/a CH Liquidation Association of the Debtor and the Official Committee of Unsecured Creditors* [Docket No. 427] (the "Plan") confirmed by the United States Bankruptcy Court for the Northern District of Ohio (the "Bankruptcy Court") in the Chapter 11 Case by order entered on July 12, 2017 [Docket No. 484].

12. Upon information and belief, Defendant was, at all relevant times, a creditor of the Debtor, having been paid for the provision of goods and/or services to the Debtor.

## PROCEDURAL HISTORY

13. On June 30, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Ohio.

14. The Debtor continued to operate its businesses as debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108 after the Petition Date.

15. On October 3, 2016, the Court entered an order approving the Debtor's sale of substantially all of its assets to Prime Healthcare Foundation-Coshocton, LLC [Docket No. 207]. The sale transaction closed on or about October 31, 2016.

16. On July 12, 2017, the Bankruptcy Court entered an order confirming the Plan [Docket No. 484] (the "Confirmation Order").

17. The Plan and Confirmation Order established a liquidation trust (the "Liquidation Trust") and all causes of action belonging to the Debtor for the avoidance and recovery of transfers were vested in, transferred and assigned to the Liquidation Trust. As Trustee for the Liquidation Trust, Plaintiff has standing to pursue the causes of action asserted in this Complaint.

18. The Effective Date of the Plan occurred on August 1, 2017 [Docket No. 527].

19. During the ninety (90) day period prior to the Petition Date, that is, between April 1, 2016 through and including June 29, 2016 (the "Preference Period"), the Debtor operated its business affairs, including the transfer of property, either by checks, wire transfers, direct deposits or otherwise, to various entities.

20. Plaintiff has determined that transfer(s) of interests of the Debtor in property were made to or for the benefit of Defendant during the Preference Period aggregating an amount not less than $62,626.19 (the "Preferential Transfer" or "Preferential Transfers"). All known avoidable Preferential Transfers are listed on Exhibit A hereto.

21. Each Preferential Transfer was to or for the benefit of Defendant, as a creditor, within the meanings of section 547(b)(1) because each Preferential Transfer either reduced or fully satisfied a debt or debts then owed by the Debtor to Defendant.

22. Each Preferential Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtor to Defendant before such Preferential Transfer was made, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code).

23. Each Preferential Transfer was made while the Debtor was insolvent.

24. Each Preferential Transfer was made during the Preference Period.

25. As a result of each Preferential Transfer, Defendant received more than it would receive if (i) this case were a case under chapter 7 of the Bankruptcy Code; (ii) the Preferential

Transfers had not been made; and (iii) the Defendant received payments of its debts under the provisions of the Bankruptcy Code. This is evidenced by the fact that unsecured creditors, under the Plan, have received or will receive less than the full amounts they are owed.

26. During the course of this adversary proceeding, Plaintiff may learn (through discovery or otherwise) of, among other things, additional transfers made to Defendant during the Preference Period and/or additional unauthorized post-petition transfers made by Debtor to Defendant. It is Plaintiff's intention to avoid and recover all (i) voidable transfers of an interest of the Debtor in property and/or property of the estate that were made by the Debtor to or for the benefit of Defendant or any other person or entity for whose benefit such transfers were made and/or (ii) unauthorized post-petition transfers to Defendant or any other person or entity for whose benefit such transfers were made. Plaintiff reserves his right to amend this original Complaint to include: (i) further information regarding the Preferential Transfers, (ii) additional transfers (including unauthorized post-petition transfers), (iii) modifications of and/or revisions to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action, including without limitation, actions under 11 U.S.C. §§ 510, 542, 544, 545, 547, 548, 552 and/or 553, if applicable (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to the date of the filing of this original Complaint.

**FIRST CLAIM FOR RELIEF**
**(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)**

27. Plaintiff hereby incorporates all previous allegations.

28. Each Preferential Transfer constituted a transfer of an interest in property of the Debtor.

29. Defendant was a creditor of the Debtor at the time of each Preferential Transfer, as more fully set forth on <u>Exhibit A</u> hereto.

30. Each Preferential Transfer was to or for the benefit of Defendant, as a creditor, within the meaning of 11 U.S.C. § 547(b)(1) because each Preferential Transfer either reduced or fully satisfied a debt or debts then owed by the Debtor to the Defendant.

31. Each Preferential Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtor to Defendant before such Preferential Transfer was made, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code).

32. Each Preferential Transfer was made while the Debtor was insolvent.

33. Each Preferential Transfer was made during the Preference Period.

34. As a result of each Preferential Transfer, Defendant received more than Defendant would receive if: (i) this case were a case under chapter 7 of the Bankruptcy Code; (ii) the Preferential Transfers had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code. This is evidenced by the fact that unsecured creditors, under the Plan, have received or will receive less than the full amounts they are owed.

35. Based on the foregoing, each Preferential Transfer is voidable pursuant to 11 U.S.C. § 547(b).

**<u>SECOND CLAIM FOR RELIEF</u>**
**(Recovery of Avoided Transfers – 11 U.S.C. § 550)**

36. Plaintiff hereby incorporates all previous allegations.

37. Plaintiff is entitled to avoid the Preferential Transfers pursuant to 11 U.S.C. § 547(b).

6
10266216.2

18-05038-amk    Doc 1    FILED 06/28/18    ENTERED 06/28/18 07:31:05    Page 6 of 11

38. Defendant was the initial transferee of the Preferential Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Preferential Transfers were made.

39. Based upon the foregoing, Plaintiff is entitled to recover the Preferential Transfers, or the value thereof, from Defendant under 11 U.S.C. § 550(a), together with an award of pre- and post-judgment interest thereon from the date of demand to the date of payment and the costs of this action.

### THIRD CLAIM FOR RELIEF
**(Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))**

40. Plaintiff hereby incorporates all previous allegations.

41. Defendant is a transferee of transfers avoidable under section 547 of the Bankruptcy Code, which property or its value is recoverable under section 550 of the Bankruptcy Code.

42. Defendant has not satisfied its liability for the Preferential Transfers.

43. Pursuant to section 502(d) of the Bankruptcy Code, any and all claims of Defendant and/or its assignee against Debtor or its estate must be disallowed unless Defendant has paid the amount for which Defendant is liable under 11 U.S.C. § 550.

44. Pursuant to section 502(j) of the Bankruptcy Code, any and all previously allowed claims of Defendant against the Debtor or its estate, including any and all claims assigned by Defendant, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff the amount equal to the Preferential Transfers, plus interest thereon and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief against Defendant:

A. On Plaintiff's First and Second Claims for Relief, awarding judgment in favor of Plaintiff and against Defendant: (i) avoiding all of the Preferential Transfers, (ii) directing Defendant to return to Plaintiff the amount of the Preferential Transfers, pursuant to 11 U.S.C. §§ 547(b) and/or 550(a), and (iii) for money damages against Defendant in the amount of the Preferential Transfers, together with interest from the date of demand at the maximum legal rate, to the extent allowed by law;

B. On Plaintiff's Third Claim for Relief, awarding judgment in favor of Plaintiff and against Defendant disallowing any claims held or filed by Defendant against Debtor or its estate until Defendant pays to Plaintiff an amount equal to the Preferential Transfers pursuant to 11 U.S.C. § 502(d) and (j);

C. Awarding Plaintiff the costs and expenses of this action;

D. Awarding Plaintiff his attorneys' fees, to the extent allowed by law; and

E. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: June 28, 2018  /s/ *Daniel A. DeMarco*
Daniel A. DeMarco (0038920)
Rocco I. Debitetto (0073878)
Hahn Loeser & Parks LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Telephone: (216) 621-0150
Facsimile: (216) 241-2824
Email: dademarco@hahnlaw.com
ridebitetto@hahnlaw.com

-and-

Valerie A. Hamilton, Esq.
Rachel E. Brennan, Esq.
Sills Cummis & Gross P.C.
600 College Road East

Princeton, NJ 08540
Tel: (609) 227-4600
Fax: (609) 227-4646
vhamilton@sillscummis.com
rbrennan@sillscummis.com

*Counsel for Joseph Oriti, Liquidation Trustee and Debtor Representative*

# **EXHIBIT A**

**Coshocton County Memorial Hospital Association ("CCMH")**
Case Number - 16-51552

## Blue & Co., LLC

### Payments to Creditors During Preference Period
Payments that cleared within 90 days before Bankruptcy Filing "Preference Period" - April 1 to June 29, 2016

| Date of Payment | Date Payment Cleared the Bank | Payment Type & Number | Amount |
|---|---|---|---|
| 04/12/16 | 04/18/16 | Check 20305 | $2,690.00 |
| 06/23/16 | 06/23/16 | Wire 22851 | $59,939.19 |
| **Total Payments to Creditor During Preference Period** | | | **$62,629.19** |